**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **LUCIEN LAKE** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 1:26-9** |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| **U.S. CUSTOMS AND BOARD** | : |
| **PROTECTION, BRIAN WEBBER,** | : |
| **EUGENE THOMAS, CHERISSE** | : |
| **WOODS, AUSA DELIA L SMITH,** | : |
| **ADAM SLEEPER, JOHN DOES 1-5** | : |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                    **May 26, 2026**

The United States will proceed to present evidence in support of a January 2025 drug trafficking and financial structuring indictment against Lucien Lake in approximately ninety days. Magistrate Judge Henderson appointed a federal defender and then two private Criminal Justice Act attorneys to successively represent Mr. Lake in this criminal case. Mr. Lake, while awaiting his criminal trial, last month pro se sued the United States, its agencies, agents, and prosecutors seeking damages for seizing his property in the arrest and imminent prosecution and to challenge the criminal proceeding. We granted him leave to proceed without paying filing fees. Congress requires us to then screen his allegations before allowing service. Our screen compelled dismissal of this case three weeks ago as not stating a claim. He simply cannot proceed on his novel civil liability theories today. Mr. Lake appealed and then sought further delay in his criminal case citing this civil case. He now moves for leave to waive the filing fees on appeal for our dismissal of this civil case. He appears indigent and benefits from another (his third) newly appointed attorney from our Criminal Justice Act Panel representing him in the criminal trial. But Congress requires we

must again examine whether this appeal is taken in good faith or is frivolous before allowing him to proceed without paying filing fees on appeal. We find Mr. Lake's appeal of our dismissal of this case is plainly frivolous as it lacks an arguable basis either in law or in fact and his claims are based on an indisputably meritless legal theory. We deny Mr. Lake's motion to proceed *in forma pauperis* on appeal without prejudice.

## I. Facts

Lucien Lake is the subject of two proceedings involving the same property; one subject to a criminal forfeiture notice and this civil case. It appears he is using one case against the other to delay prosecution while moving for new counsel in the criminal case when he disagrees with them.

### *Mr. Lake's criminal trial.*

Our Grand Jury returned a two count Indictment against Lucien Lake on January 17, 2025 charging him with conspiracy to possess and possessing with intent to distribute controlled substances and with structuring financial transactions through United States postal money orders to evade reporting requirements imposed upon banks.[1] The Grand Jury issued a Notice of Forfeiture for proceeds from the alleged conduct including specifying financial instruments such as money orders.[2]

Judge Henderson first appointed the Office of the Federal Defender to represent Mr. Lake but it withdrew based on alleged conflict of interest.[3] One month later, the Officer of the Federal Defender moved to withdraw based on a conflict of interest.[4] Judge Henderson then appointed the first of two attorneys from the Criminal Justice Act Panel, Attorney Matos–de Juan.[5] The Court set trial for March 24, 2025 but the United States and Mr. Lake's Defender jointly moved for an extension to complete discovery and set trial for June 2, 2025.[6] The trial did not occur while Judge Henderson continued to have periodic calendar calls with counsel until Mr. Lake moved six

2

months later, in September 2025, for the appointment of new counsel objecting to Attorney Matos–de Juan's representation, asserting Attorney Matos–de Juan failed to communicate and meet with him and adequately represent him in defense of the charges.[7] Judge Henderson held a hearing on Mr. Lake's motion, granted the motion, and appointed the second attorney from the Criminal Justice Act Panel, Attorney Cerezo–Hernandez.[8] Judge Henderson continued to hold periodic calendar calls with no defined trial date.[9]

Chief Judge Molloy reassigned this case to us approximately three months ago and we promptly worked with counsel to confirm the production of all discovery, set final pretrial motions deadlines, and attach the parties for a three-day trial beginning on June 15, 2026 mindful Mr. Lake demanded the trial occur in June 2026.[10] We confirmed logistics and are set for trial having resolved all pretrial motions.

Mr. Lake waited for weeks and then pro se moved for substitution of counsel appointed under the Criminal Justice Act and continuance of the June 15, 2026 trial and moved to stay his criminal trial.[11] Mr. Lake also again sought another newly appointed attorney—his third—from the Criminal Justice Act Panel. Appointed Attorney Cerezo–Hernandez also moved to withdraw based, in part, on Mr. Lake's insistence Attorney Cerezo–Hernandez file certain motions in the criminal case and, when Attorney Cerezo–Hernandez refused to do so in his professional opinion, Mr. Lake threatened Attorney Cerezo-Hernandez with filing a complaint to the applicable attorney disciplinary board and a civil lawsuit seeking damages for breach of fiduciary duty and legal malpractice and negligence.[12]

Judge Henderson heard over two hours of argument on May 21, 2026.[13] Judge Henderson agreed to allow Attorney Cerezo Hernandez to withdraw and appoint new counsel prepared to try the case.[14] Judge Henderson recognized, as we do, newly appointed counsel will need time to

prepare for the three-day trial.[15] Judge Henderson told Mr. Lake his request would result in further delay. Mr. Lake agreed to move the trial until late August 2026.

We attached the United States and Mr. Lake's soon-to-be  appointed criminal counsel from the Criminal Justice Act panel for a three-day trial beginning August 27, 2026.[16]

### *Mr. Lake's civil case.*

Mr. Lake last month *pro se* sued the United States, United States Customs and Border Protection, United States Customs and Border Patrol Agents Brian Webber and Eugene Thomas, Assistant United States Attorneys Cherrisse Amaro, United States Attorney Adam Sleeper, and former United States Attorney Delia L. Smith seeking over $15 million in compensatory and punitive damages and constitutional claims relating to the criminal charges brought by our Grand Jury's January 17, 2025 Indictment.[17] Mr. Lake also sought statutory fines under the Sherman Act, Administrative Procedures Act, statutory criminal penalties, treble damages under the Clayton Act, attorney's fees, a demand for accounting, and declaratory and injunctive relief seeking the return of United States Postal Service money orders and United States currency currently the subject of criminal forfeiture. He also seeks the return of his passport and firearms he agreed to surrender as a condition of his release in the criminal case and seeks an order dismissing the criminal case against him.

We granted Mr. Lake leave to proceed without paying the filing fees.[18] We screened Mr. Lake's complaint as we are required by Congress to dismiss all or part of Mr. Lake's allegations if they are "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[19] We dismissed Mr. Lake's complaint  on May 6, 2026 on screening, explaining he may not seek money damages and a dismissal of currently pending criminal charges against him, the appropriate vehicle for alleged

4

constitutional violations relating to the criminal charges must be raised in the criminal case, and all of the named federal actors are immune from suit for money damages.[20]

## II.     Analysis

Mr. Lake appealed from our May 6, 2026 Order dismissing this case as frivolous upon our mandatory screening.[21] He then moved for leave to proceed *in forma pauperis* on appeal.[22]

Mr. Lake must comply with Federal Rule of Appellate Procedure 24 and section 1915(a)(3) in seeking to proceed *in forma pauperis* on appeal. Under Rule 24 of the Federal Rules of Appellate Procedure, Mr. Lake must attach an affidavit to his motion showing "in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs; … claims an entitlement to redress; and … states the issues that the party intends to present on appeal."[23] Because we allowed Mr. Lake to proceed in forma pauperis when he filed his complaint here, he may proceed without paying the filing fees on appeal without further authorization "***unless*** … [we]—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that [Mr. Lake] is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or a statute provides otherwise."[24]

Congress through section 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."[25] "Good faith" in the context of section 1915(a)(3) is measured by an objective standard, not "from [the would-be appellant's] subjective point of view."[26] For purposes of section 1915, an appeal is frivolous when it "lacks an arguable basis either in law or in fact" and where claims are "based on an indisputably meritless legal theory … whose factual contentions are clearly baseless."[27]

We scrutinized Mr. Lake's complaint and, under our screening obligations, concluded he cannot seek dismissal of the pending criminal charges against him through a civil action and cannot

seek money damages to recover the property currently subject to the United States' criminal forfeiture claim and all Defendants are immune from suit; the United States and its agency are immune under the doctrine of sovereign immunity and the individual Defendants are absolutely immune for conduct he alleges they took in their official capacities, and any individual capacity claims are barred by *Bivens*.[28]

Mr. Lake's appeal is frivolous. He cannot sue the United States and its agents for money damages and relief in the criminal case set for trial (at his request) for later August 2026. His pro se theory is entirely baseless. He appears to be using this appeal to argue for delay in his long-pending criminal case. We find no basis for either.

## III. Conclusion

Mr. Lake's pro se appeal of our dismissal of this frivolous case is not taken in good faith under section 1915(a)(3). We deny his motion to appeal *in forma pauperis* without prejudice.

---

[1] *See United States v. Lake*, No. 1:25-cr-1, ECF 1.

[2] *Id.*

[3] *Id.* ECFs 7, 20, 23.

[4] *Id.* ECF 20.

[5] *Id.* ECF 25.

[6] *Id.* ECF 28.

[7] *Id.* ECF 38.

[8] *Id.* ECFs 39, 40, 41, 42. Judge Henderson appointed Attorney Cerezo–Hernandez on September 26, 2025. ECF 42.

[9] *See Id. e.g.* ECFs 45, 55, 56, 57, 62.

[10] *Id.* ECF 80.

[11] *Id.* ECFs 99, 100.

[12] *Id.* ECF 103.

[13] *Id.* ECFs 104, 105, 106.

[14] *Id.* ECFs 108, 109.

[15] *Id.*

[16] ECF 110.

[17] ECF 1.

[18] ECF 5.

[19] 28 U.S.C. § 1915(e)(2)(B)(1)-(iii).

[20] ECF 6.

[21] ECF 10.

[22] ECF 9. Mr. Lake noticed his appeal in this case on the same day he moved for substitution of counsel appointed under the Criminal Justice Act and continuance of trial and moved to stay his criminal trial pending resolution of the appeal in the civil claims we dismissed. *United States v. Lake*, No. 25-cr-1, ECFs 99, 100.

[23] Fed. R. App. P. 24(a)(1).

[24] Fed. R. App. P. 24(a)(3)(A) (emphasis added).

[25] 28 U.S.C. § 1915(a)(3).

[26] *Williams v. Krasner,* No. 22-1203, 2022 WL 16836969, at *1 (E.D. Pa. Nov. 9, 2022) (quoting *Coppedge v. United States*, 369 U.S. 438, 444 (1962)); *Pettis v. Everhart*, No. 19-1308, 2020 WL 6343139, at *2 (M.D. Pa. Oct. 29, 2020) (quoting *Coppedge*, 369 U.S. at 444).

[27] *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Livingston v. Gunderson*, No. 24-3333, 2026 WL 312174, at *1 (3d Cir. Feb. 5, 2026) (per curiam) (quoting *Neitzke*, 490 U.S. at 325); *Pelzer v. Shea*, 470 F. App'x 62, 64 (3d Cir. 2012) (per curiam) (quoting *Neitzke*, 490 U.S. at 325, 327).

[28] *Bivens v. Six Unknown Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).